IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHLOE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-294-GLJ |
| ) | |
| CAESAR RENTIE, PERSONAL ) | |
| REPRESENTATIVE OF THE ) | |
| ESTATE OF ANGELO BRADFORD ) | |
| LUCKETT, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

# ORDER

This matter comes before the Court on Defendant's motion to quash a subpoena to produce certain documents. Specifically, Plaintiff issued a subpoena duces tecum to Caesar Rentie, who is the personal representative of the Estate of Angelo Bradford Luckett, Jr., commanding the production of claim forms submitted by Rentie in unrelated litigation, a list of all mediations (presumably taken by Rentie) and a copy of Mr. Luckett, Jr.'s autopsy. [1] *See* Docket No. 72, Ex. 1. The request for Mr. Luckett, Jr.'s autopsy is not subject to the motion to quash. Id., p. 2. For the reasons set forth below, Defendant's Motion to Quash Subpoena to Caesar Rentie [Docket No. 72] is GRANTED.

---

[1] Although it is titled "Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action," the subpoena seeks only the production of documents.

## BACKGROUND

This case arises out of an allegation that Angelo Bradford Luckett, Jr. ("Luckett") struck Plaintiff in October 2021. After Luckett's passing in November 2023, Rentie, as the personal representative of Luckett's estate, was substituted as the defendant on January 19, 2024. *See* Docket No. 65. Plaintiff noticed Rentie's deposition for April 22, 2024. *See* Docket No. 71. The notice does not delineate the capacity in which Rentie was to be deposed, i.e. his personal capacity or representative capacity. *Id*. During Rentie's deposition, he testified in response to questions about his participation in other litigation that he had been deposed by the National Football League regarding his claim of suffering from Chronic Traumatic Encephalopathy ("CTE").[2] *See* Docket No. 73, p. 1. Rentie further testified he was still undergoing observation for CTE related to his claim in the case styled and numbered I*n re: National Football League Players' Concussion Injury Litigation No 2*, 12-md-02323 (E.D. of Pa.) but refused (presumably on the advice of counsel) to testify as to the identity of any medications he takes and his health conditions. *Id*., pp. 1-2. Defendant asserts, however, that its counsel indicated he would not object to any question regarding whether any medications Rentie takes would affect his ability to testify. *See* Docket No. 72, p, 2. Instead of pursuing such a general line of questioning, however, Plaintiff's counsel ended the deposition and subsequently served the subpoena at issue in the present motion. *Id*.

---

[2] Neither party attached Rentie's deposition transcript to their pleadings so the Court relies on the factual recitations by the parties in their pleadings.

## ANALYSIS

Defendant seeks to quash the subpoena under Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv), the physician-patient privilege under 12 O.S. § 2503, and because the information sought is irrelevant to the case. Under Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv), the "court for the district where compliance is required must quash or modify a subpoena that: . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Moreover, '[a]lthough Rule 45 does not include relevance as a reason for quashing a subpoena, it is well-settled that the scope of discovery under a subpoena is the same as that under Rule 26(b) and Rule 34." *Shutrump v. Safeco Ins. Co. of Am.*, 2017 WL 3579211, at *1 (N.D. Okla. Aug. 18, 2017); *see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003); *In re Vaughan Company*, 2014 WL 12787951, at *2 (D. N.M. Sept. 19, 2014). "The Court must determine 'whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests of production.'" *XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171, at *27 (D. N.M. April 1, 2016) (quoting *Stewart v. Mitchell Transp.*, 2002 WL 1558210, at *3 (D. Kan. July 11, 2012)).

While Defendant does not state what undue burden the subpoena would cause him, he argues his medical records are privileged under the physician-patient privilege, 12 O.S. § 2503, and are not relevant to any issue in the present action. Plaintiff counters that the requested documents are relevant to Rentie's mental capacity to testify and that he waived any privilege by revealing he had been diagnosed with CTE.

The Court declines to wade into the thicket of whether Rentie waived any physician-patient privilege because it is clear the requested documents have only attenuated relevance regarding Rentie's competency to testify and there are far less intrusive methods to obtain competency information.  *See* Fed. R. Civ. P. 26(b)(1) (when determining discoverability of information consider whether the burden of the proposed discovery outweighs its likely benefit).  While it is perfectly appropriate for Plaintiff's counsel to inquire into the competency and capability of Rentie to perceive and remember relevant events and to testify about such events, it is not necessary to obtain or to explore the intimate details of his CTE diagnosis or have a complete list of all medications he might take to do so.  While the Court is unaware of counsel's pharmacological knowledge such that he might be able to discern all potential memory or perception altering effects of a vast number of medications, simply questioning Rentie about whether he is taking any medications or suffering any medical condition that affects his ability to perceive relevant events or to testify about such events should suffice to determine his competency.  If Rentie's answers indicate he is competent to testify and he later attempts to state otherwise, then such claim could be challenged with his sworn testimony to the contrary.  It is inappropriate to veer unnecessarily into extraneous matters such as Rentie's detailed medical history to make a competency assessment.  Indeed, this is particularly true where, as here, Rentie apparently has no personal knowledge of the relevant events that transpired, and his limited discoverable knowledge is based solely on his involvement as the Luckett Estate's personal representative or Luckett's power of attorney.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Defendant's Motion to Quash Subpoena to Caesar Rentie [Docket No. 72] is GRANTED as to any concussion injury litigation and a list of all medications.

**DATED** this 16th day of May, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**