IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHLOE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-294-GLJ |
| | ) |
| CAESAR RENTIE, As Personal | ) |
| Representative of the Estate of | ) |
| Angelo Bradford Luckett, Jr., deceased, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# ORDER

This matter comes before the Court on Plaintiff's Motion to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial [Docket No. 116] under Fed. R. Civ. P. 50(b) and 59(e).  For the reasons set forth herein, Motion to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial is DENIED WITHOUT PREJUDICE.

## Procedural Background

Plaintiff brought this claim for assault and battery based on an alleged physical altercation between her and her grandfather over a biscuit.  A jury trial was conducted November 19 through November 20, 2024, and the jury returned a verdict in favor of Defendant.  *See* Docket Nos. 106, 107 & 111.  Final judgement was entered in favor of Defendant on November 20, 2024.  *See* Docket No. 113.

1

Plaintiff now asks the Court to reconsider its denial of her motion for judgement as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, alternatively, to alter or amend the judgement pursuant to Fed. R. Civ. P. 59(e) by overturning the jury verdict and entering a verdict in her favor with an award of damages or granting a new trial on damages.

**Analysis**

Federal Rule of Civil Procedure 50(b) provides that "[n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law. . . ." Fed. R. Civ. P. 50(b). In analyzing a Rule 50(b) motion, courts should construe the evidence in the record in a light most favorable to the nonmoving party. *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000). Courts must not "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000); *see also Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1130 (10th Cir. 2019) ("All reasonable inferences are drawn in favor of the nonmoving party and this court does not make credibility determinations or weigh the evidence.") (quoting *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 983 (10th Cir. 2019)). "Judgment as a matter of law is cautiously and sparingly granted and then only when the court is certain the evidence conclusively favors one party such that reasonable [people] could not arrive at a contrary verdict." *Mountain Dudes*, 946 F.3d at 1130 (quoting *Bill Barrett Corp. v. YMC Royalty Co.*, 918 F.3d 760, 766 (10th Cir. 2019) (per curiam) (internal quotation marks omitted)). *See also*, *Tyler*, 232 F.3d at 812 ("Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may

2

support the opposing party's position.'") (quoting *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996)).

"As a general rule, [Rule 59] motions for a new trial should be granted when the trial court is firmly convinced that the jury has reached a plainly erroneous result or the verdict is a miscarriage of justice." 9 Moore's Federal Practice ¶ 50.06[6][a], at 50–37 (3d ed. 2016). Among the grounds for granting a new trial under Fed. R. Civ. P. 59(e) is the claim that the verdict is against the weight of the evidence or the trial was not fair to the moving party. *See, e.g.*, *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *United States v. Hess*, 341 F.2d 444, 448 (10th Cir. 1965) ("Insufficiency of the evidence is one of the common law grounds for directing a verdict or granting a motion for a new trial . . . .") (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. at 251). "In deciding a new trial motion based on insufficiency of the evidence, a district court must analyze whether the verdict 'is clearly, decidedly or overwhelmingly against the weight of the evidence.'" *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009)). When reviewing a Rule 59 motion, "[t]he court considers the evidence in the light most favorable to the prevailing party." *Snyder v. City of Moab*, 354 F.3d 1179, 1188 (10th Cir. 2003) (citing *United Int'l Holdings, Inc., v. The Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000)). "Courts may set aside jury verdicts that are fundamentally inconsistent, but they must do so with great reluctance and considerable deference to the jury's factfinding. . . . The mere fact that it may be difficult to reconcile apparently

conflicting verdicts is not, of itself, grounds for granting a new trial." *Martinez v. Valdez*, 125 F. Supp. 3d 1190, 1196 (D. Colo. 2015) (quotations omitted).

In her Motion, Plaintiff fails to cite to any specific record evidence such as any portion of the trial transcript or any trial exhibits in support of her assertion that the evidence "unequivocally supported that a battery had occurred" and that she suffered an offensive contact.[1] *See* Docket No. 116. At most, Plaintiff offers only vague and conclusory summary statements as to the evidence presented and that the evidence was sufficient for the jury to find in her favor. *Id*. "Rule 50(a)(2) requires the moving party to 'specify the judgment sought and the law and facts that entitle the movant to the judgment.'" *Mountain Dudes*, 946 F.3d at 1131 (quoting *Miller v. Eby Realty Grp., LLC*, 396 F.3d 1105, 1114 (10th Cir. 2005)). The Plaintiff carries a similar burden under Fed. R. Civ. P. 50(b) and 59(e). Evaluating such a motion is not a scavenger hunt and it is not the "Court's responsibility to search the record for the evidence to support a party's contention." *Fulghum v. Embarq Corp.*, 2015 WL 13542736, at *1 (D. Kan. July 27, 2015). "It is not the function of the court to search the record for conflicting circumstantial evidence in order to take the case away from the jury. . . ." *Schulz v. Penn. RR Co.*, 350 U.S. 523, n.8 (1956) (quoting *Tennant v. Peoria & P.U. Ry. Co.*, 321 U.S. 29, 35 (1944); *see also Goss v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (movant must specifically set forth facts and law that arguably entitle him to relief and the court "will not search the record in an effort to determine whether there exist dormant evidence

---

[1] In his Response, Defendant similarly fails to cite to any specific record evidence. *See* Docket No. 117.

which might require submission of the case to the jury"); *S.E.C. v. Capital Holdings, L.L.C.*, 2006 WL 1660541, at *1 (D. Colo. June 12, 2006) (movant must "specifically set forth the facts and law that arguably entitle him to relief," and court is "neither required nor inclined to peruse the record in this case in search of evidence that might support his motion"). Plaintiff fails to identify any specific record evidence that supports the relief requested under either Fed. R. Civ. P. 50(b) or 59(e) and the Court declines to impose such a sparingly used and extraordinary remedy of overturning the jury's verdict based only on Plaintiff's vague description of the evidence or its own recollection of trial testimony and exhibits.

## Conclusion

Accordingly, as set forth herein, the Motion to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial [Docket No. 116] is DENIED WITHOUT PREJUDICE TO REURGING. It is further Ordered that Plaintiff has 28 days from the entry of this Order to file any further motion under Fed. R. Civ. P. 50 or 59, and such a motion is limited to only those grounds raised in her previous motion [Docket No. 116].

IT IS SO ORDERED this 8th day of January, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**