IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHLOE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-294-GLJ |
| ) | |
| CAESAR RENTIE, As Personal ) | |
| Representative of the Estate of ) | |
| Angelo Bradford Luckett, Jr., deceased, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter comes before the Court on Amended Motion & Memorandum to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial [Docket No. 121] under Fed. R. Civ. P. 50(b) and 59(e). For the reasons set forth herein, the Amended Motion & Memorandum to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial is DENIED.

### Procedural Background

Plaintiff brought a claim for assault and battery based on an alleged physical altercation between her and her grandfather over a biscuit. A jury trial was conducted November 19 through November 20, 2024, and the jury returned a verdict in favor of Defendant. *See* Docket Nos. 106, 107 & 111. Final judgment was entered in favor of Defendant on November 20, 2024. *See* Docket No. 113.

1

On December 18, 2024, Plaintiff filed her Motion to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial [Docket No. 116], seeking the Court to reconsider its denial of her motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) or, alternatively, to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) by overturning the jury verdict and entering a verdict in her favor with an award of damages or granting a new trial on damages. On January 8, 2025, the Court denied the motion because Plaintiff failed to cite to any record evidence, such as specific testimony or exhibits, in support of her motion. *See* Docket No. 118. Nonetheless, the Court denied the motion without prejudice to reurging. *Id*. Plaintiff subsequently filed her Amended Motion & Memorandum to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial. See Docket No. 121.

## Analysis

### I.  Authority to Extend the Time to Re-File Rule 50 or Rule 59 Motion

Although not raised by either party, the Court must first address its authority to extend the time by which Plaintiff could file her Rule 50(b) or Rule 59(e) motion after denying her first Motion to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial [Docket No. 116]. Federal Rule of Appellate Procedure 4(a)(1) requires a notice of appeal be filed within thirty days after entry of judgment in the district court. The filing of a timely motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) or for a new trial under Fed. R. Civ. P. 59 starts the thirty-day time limit after entry of the order disposing of the last post-judgment motion. Fed. R. App. P. 4(a)(4)(A). To be timely under this rule, a motion under Rule 50 or 59 must be filed within twenty-

eight days after the entry of judgment. *See* Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59(b). Moreover, the district court "must not extend the time to act" under these rules. Fed. R. Civ. P. 6(b)(2).

Plaintiff timely filed her original Motion to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial. *See* Docket No. 116. Such motion was denied on January 8, 2025, because Plaintiff failed to cite to any record evidence in support of her motion, such as trial exhibits or to the transcript of any trial testimony. *See* Docket No. 118. The Court, however, denied the motion without prejudice and granted Plaintiff an additional 28-days to "file any further motion under Fed. R. Civ. P. 60 or 59, and such a motion is limited to only those grounds raised in her previous motion [Docket No. 116]." *Id*. Upon further review, the Court lacked the authority to grant such an extension of time.

"'A court must not extend the time to act under Rules 50(b) . . . [and] 59(b),' Fed. R. Civ. P. 6(b)(2), and it may not avoid this rule by dismissing a first post-judgment motion without prejudice and extending an open-ended invitation for the moving party to file an amended motion at some unknown point in the future." *Martinez v. Carson*, 697 F.3d 1252, 1259 (10th Cir. 2012) (quoting *Watson v. Ward*, 404 F.3d 1230, 1232 (10th Cir.2005) ("[T]o construe the untimely Rule 59(e) motion as one made pursuant to Rule 60(b) would be an end-run around Fed. R. App. P. 4(a)(6)."). *See also Fisher v. Kadant, Inc.*, 589 F.3d 505, 511 n. 2 (1st Cir.2009) ("The district court had the authority to reserve decision on the first motion to reconsider and allow the plaintiffs to supplement it with a proposed amended complaint. . . . Here, however, that is not what the district court did; rather, it

denied the motion. . . . The fact that the order specified that the denial of the first motion was 'without prejudice' did not render the second motion timely."). While the order denying Plaintiff's motion was not open ended, it nonetheless denied the motion as opposed to reserving decision or ordering supplemental briefing. As a result, the Court lacked the authority to extend the 28-day filing deadline for a Rule 50 or Rule 59 motion and, thus, Plaintiff's Amended Motion & Memorandum to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial [Docket No. 121] is untimely.

## II. Plaintiff's Amended Motion

Even had Plaintiff's Amended Motion been timely filed, it would nonetheless be denied. Federal Rule of Civil Procedure 50(b) provides that "[n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law. . . ." Fed. R. Civ. P. 50(b). In analyzing a Rule 50(b) motion, courts should construe the evidence in the record in a light most favorable to the nonmoving party. *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000). Courts must not "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000); *see also Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1130 (10th Cir. 2019) ("All reasonable inferences are drawn in favor of the nonmoving party and this court does not make credibility determinations or weigh the evidence.") (quoting *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 983 (10th Cir. 2019)). "Judgment as a matter of law is cautiously and sparingly granted and then only when the court is certain the evidence

conclusively favors one party such that reasonable [people] could not arrive at a contrary verdict." *Mountain Dudes*, 946 F.3d at 1130 (quoting *Bill Barrett Corp. v. YMC Royalty Co.*, 918 F.3d 760, 766 (10th Cir. 2019) (per curiam) (internal quotation marks omitted)). *See also*, *Tyler*, 232 F.3d at 812 ("Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'") (quoting *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996)).

"As a general rule, [Rule 59] motions for a new trial should be granted when the trial court is firmly convinced that the jury has reached a plainly erroneous result or the verdict is a miscarriage of justice." 9 Moore's Federal Practice ¶ 50.06[6][a], at 50–37 (3d ed. 2016). Among the grounds for granting a new trial under Fed. R. Civ. P. 59(e) is the claim that the verdict is against the weight of the evidence or the trial was not fair to the moving party. *See*, *e.g.*, *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *United States v. Hess*, 341 F.2d 444, 448 (10th Cir. 1965) ("Insufficiency of the evidence is one of the common law grounds for directing a verdict or granting a motion for a new trial . . . .") (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. at 251). "In deciding a new trial motion based on insufficiency of the evidence, a district court must analyze whether the verdict 'is clearly, decidedly or overwhelmingly against the weight of the evidence.'" *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009)). When reviewing a Rule 59 motion, "[t]he court considers the evidence in the light most favorable to the prevailing party." *Snyder v. City of Moab*, 354 F.3d 1179, 1188 (10th Cir.

2003) (citing *United Int'l Holdings, Inc., v. The Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000)).  "Courts may set aside jury verdicts that are fundamentally inconsistent, but they must do so with great reluctance and considerable deference to the jury's factfinding. . . .  The mere fact that it may be difficult to reconcile apparently conflicting verdicts is not, of itself, grounds for granting a new trial." *Martinez v. Valdez*, 125 F. Supp. 3d 1190, 1196 (D. Colo. 2015) (quotations omitted).

Disappointed with the jury's verdict, Plaintiff now asks this Court to overturn the jury's decision and instead enter judgment in her favor on her battery claim and award damages, or, alternatively, grant a new trial on the damage issue.  *See* Docket No. 121.  In support, Plaintiff argues the jury verdict is a manifest error of law and fact because the evidence of a battery is unequivocal and uncontested.  Plaintiff points to the testimony of the only witnesses of the event to testify, Plaintiff and her mother, Julie Thomas[1], who both describe Dr. Luckett hitting Plaintiff in the head and that all the medical evidence supports the conclusion that Plaintiff suffered a concussion, and her subsequent migraine headaches are a result of the concussion.  Defendant responds that neither Plaintiff nor Julie Thomas were disinterested witnesses and that both were impeached during the trial regarding their relationship with Dr. Luckett and with inconsistencies in their testimony.  *See* Docket No. 123.

---

[1] The only other person present during the incident was Dr. Luckett, who was never deposed and passed away before the trial.

Plaintiff's motion focuses exclusively on her battery claim and, therefore, the Court's analysis is limited to such claim. The jury was instructed that to find in favor of Plaintiff for her battery claim, it must find that both of the following have been established:

1. Angelo Bradford Luckett, Jr., without the consent of Chloe Thomas, acted either with the intent of making a harmful/offensive contact with the person of Chloe Thomas, or with the intent of putting Chloe Thomas in apprehension of such a contact; and
2. Angelo Bradford Luckett, Jr.'s act resulted in a harmful/offensive contact with Chloe Thomas.

See Docket No. 108, Ins. No. 22. The jury was further instructed that "[a] person intends to commit a battery if he acts for the purpose of making a harmful/offensive contact with another." *Id.*, Ins. No. 24.

Based on the evidence presented at trial, the Court cannot say that the evidence conclusively favors Plaintiff such that reasonable people could not arrive at a contrary verdict and that the jury reached a plainly erroneous result, or the verdict was a miscarriage of justice. First, although Plaintiff and her mother were the only witnesses to testify about the incident, the jury is the final arbiter of the credibility of such witnesses and decide what, if any, of the testimony is believable. Both Plaintiff and her mother had an interest in the outcome of the case. Further, Plaintiff and her mother were impeached about their relationship with Dr. Luckett. For example, Plaintiff testified at trial that she had a bad relationship with Dr. Luckett but testified in deposition that they had a good relationship. *See* Docket No. 119, Vol. I, p. 254, ln. 25 – p. 255, ln 3; p. 255, ln. 21 – p. 256, ln. 23. Plaintiff also testified that her grandmother was her best friend, and she would have moved in with her if she could, but also testified she was terrified of Dr. Luckett, who was married

to and lived with her grandmother. *Id.*, p. 160, ln. 2 – p. 164, ln. 8. Similarly, Julie Thomas was impeached regarding her relationship with Dr. Luckett and the fact that her power of attorney over Dr. Luckett's estate was revoked. *Id.*, p. 134, ln. 3 – p. 135, ln. 18.

Second, Plaintiff's testimony was inconsistent on some key facts. For example, Plaintiff was impeached with her deposition regarding her and Dr. Luckett's past playful conduct regarding food and slapping each other's hand. *See* Docket No. 120, Vol. II at p. 258, lns. 2-21. Plaintiff's testimony was also inconsistent regarding any conversation she had with Dr. Luckett after the incident. Plaintiff first testified that after the incident she went to her bedroom with her mother and grandmother and that Dr. Luckett was not allowed in to see her, but later testified that while she was in the bedroom he told her she deserved it. *Id.*, p. 240, ln. 23 – p. 241, ln. 16. Further, although Plaintiff claimed the incident ended her softball career with the University of Oklahoma softball team, there was conflicting evidence regarding whether she was a player on the team, *Id.*, p. 260, ln. 14 – p. 264, ln. 16, and that even after she was cleared by the team doctor she elected not to participate in practice or in the year-end team scrimmage, *Id.*, p. 211, lns. 2-19; p. 211, ln. 24 – p. 212, ln. 24; and p. 213, lns. 11-16.

Third, there was conflicting evidence regarding whether Plaintiff suffered a harmful or offensive contact. For example, there was evidence that Plaintiff had preexisting migraines. *Id.*, p. 265, ln. 4 – p. 266, ln. 18. Plaintiff also testified that after the incident she elected not to seek medical treatment but instead drove from McAlister, Oklahoma back to Norman, Oklahoma. *Id.* There was also inconsistent testimony between Plaintiff's medical providers as to any relationship between her migraines and the incident. For

example, Ms. Deniz Aktas, who was the Physician Assistant who primarily treated Plaintiff, testified that there were a variety of potential causes of Plaintiff's migraines, *see* Docket No. 119, p. 32, ln. 18 – p. 35, ln. 20, whereas Dr. Christi Pendergraft testified that Plaintiff's migraines were exacerbated by the concussion, *Id.*, p. 82, lns. 8-18.

Taking all the evidence together and viewing it in a light most favorable to Defendant, the Court cannot say that the evidence points but one way and is susceptible to no reasonable inferences that may support the opposing party's position. Similarly, the Court cannot say that the jury's verdict was decidedly or overwhelmingly against the weight of the evidence. In weighing the evidence presented and assessing the credibility of the witnesses, the jury could draw reasonable inferences and conclude that Plaintiff had not sufficiently proven that Dr. Luckett acted with the requisite intent or that his actions resulted in a harmful or offensive contact. As previously noted, the Court acts with "great reluctance and considerable deference to the jury's factfinding. . . . The mere fact that it may be difficult to reconcile apparently conflicting verdicts is not, of itself, grounds for granting a new trial." *Martinez v. Valdez*, 125 F. Supp. 3d 1190, 1196 (D. Colo. 2015) (quotations omitted). Therefore, the Court does not find the facts and evidence presented at trial support the relief requested under either Fed. R. Civ. P. 50(b) or 59(e) and the Court declines to impose such a sparingly used and extraordinary remedy of overturning the jury's verdict.

## Conclusion

Accordingly, as set forth herein, the Amended Motion & Memorandum to Reconsider Plaintiff's Motion for Judgment as a Matter of Law and/or Motion for a New Trial [Docket No. 121] is DENIED.

IT IS SO ORDERED this 28th day of May, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**